**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


STEPHEN AZIA TENENG,           :
                                     Civil Action No. 05-1359 (JBS)
           Petitioner,         :

      v.                       :    OPINION

WARDEN JOHN NASH, et al.,      :

           Respondents.        :
```

**APPEARANCES:**

Petitioner pro se
Stephen Azia Teneng
#01094-449
F.C.I. Fort Dix
P.O. Box 2000 East
Fort Dix, NJ 08640

**SIMANDLE**, District Judge

Petitioner Stephen Azia Teneng, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence pursuant to which he is confined.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because this Court lacks jurisdiction to consider it, this Court will dismiss the Petition without prejudice.

## I.   BACKGROUND

This statement of background facts is taken from the allegations of the Petition, which are assumed to be true for purposes of this Opinion and accompanying Order.

Petitioner asserts that he was convicted of various federal offenses in the U.S. District Court for the Northern District of Illinois.  On December 9, 2003, he was sentenced to a term of imprisonment of 75 months, pursuant to which he is presently confined.  The sentencing judge enhanced Petitioner's base offense level under the U.S. Sentencing Guidelines, by finding that Petitioner qualified for enhancements based upon obstruction of justice, a vulnerable victim, and abuse of a position of trust.  Petitioner's direct appeal was dismissed at his request. See United States v. Teneng, No. 04-1237 (7th Cir.) (motion to dismiss filed May 24, 2004; order of dismissal entered June 1, 2004).  The docket of the criminal action does not reveal that Petitioner has filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, see United States v. Teneng, Criminal Action No. 03-0190-1 (N.D. Ill.), nor does Petitioner describe any § 2255 motion in his Petition.

On March 9, 2005, this Court received this Petition for writ of habeas corpus pursuant to 28 U.S.C. 2241, which is dated March

2, 2005.  Petitioner asserts that he did not admit to the facts underlying the sentencing enhancements, nor did a jury find them to be true beyond a reasonable doubt.  He requests re-sentencing.  The Court construes this as a claim that Petitioner's sentence is unlawful, under the rule announced in United States v. Booker, 125 S.Ct. 738 (2005).[2]

## II.  ANALYSIS

### A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the

---

[2] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  124 S.Ct. at 2536-37 (internal quotations omitted.)  Most recently, in United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

3

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   The Merits of Petitioner's Claim

Petitioner contends that he is entitled to habeas relief under § 2241, presumably because relief under § 2255 is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

4

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was

5

"inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi.  See Smith v. Nash, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.).

Because § 2255 is not an "inadequate or ineffective" remedy with respect to Petitioner's Booker claim, this Court lacks jurisdiction to entertain it under § 2241.³  This Court declines to recharacterize the Petition as a first § 2255 motion, and transfer it to the court of conviction, as this Court "cannot predict and protect against every possible adverse effect that may flow from recharacterization."  See Castro v. United States, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring in part).

---

³ The Court notes that, even if it possessed jurisdiction over this claim, it could not grant Petitioner any relief.  The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), petition for cert. filed (Aug. 5, 2005) (No. 05-5769).

III.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


                                       **s/ Jerome B. Simandle**
                                       Jerome B. Simandle
                                       United States District Judge

Dated:  September 9, 2005